UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF KENTUCKY
PADUCAH DIVISION
CASE NO. 5:14-CV-00114-GNS

LYNDA L. FREEMAN                                                                                           Plaintiff,

v.

UNITED STATES DEPARTMENT OF LABOR                                                  Defendant.

**OPINION & ORDER**

District Judge Greg N. Stivers referred this case to Magistrate Judge Lanny King for ruling on non-dispositive motions (DN 17). Before the court are the plaintiff's identical motions for discovery (DN 13) in this and ten other cases.[1] With the consent of the court, the motions have been nearly identically briefed in all eleven cases. While this opinion addresses this specific case, all eleven cases have been considered jointly, and the standard outlined is applicable to all.

Because the plaintiff's rights of judicial review of her Part B claim are limited to APA review rights, the motion for discovery is DENIED at this time. This ruling does not preclude future discovery motions should the plaintiff be able to meet the Sixth Circuit's standards for supplementation.

**Background**

The plaintiff in this case is the survivor of an employee or contractor at the Paducah Gaseous Diffusion Plant (DN 1 at 3). She alleges her father's exposure to radiation or other toxic

---

[1] *Freeman v. U.S. Dep't of Labor*, Case No. 5:14-CV- 00113-GNS (W.D. Ky. Filed 06/16/2014); *Featherston v. U.S. Dep't of Labor*, Case No. 5:14-CV-00132-GNS (W.D. Ky. Filed 06/30/2014); *Bradford v. U.S. Dep't of Labor*, Case No. 5:14-CV-00135 (W.D. Ky. Filed 07/02/2014); *Langston v. U.S. Dep't of Labor*, Case No. 5:14-CV-00140-GNS (W.D. Ky. Filed 07/10/2014); *Stewart et al. v. U.S. Dep't of Labor*, Case No. 5:14-CV-00150-GNS (W.D. Ky. Filed 08/06/2014); *Shelton v. U.S. Dep't of Labor*, Case No. 5:14-CV-00162-GNS (W.D. Ky. Filed 08/20/2014); *Allen v. U.S. Dep't of Labor*, Case No. 5:14-CV-00163-GNS (W.D. Ky. Filed 08/20/2014); *Todd v. U.S. Dep't of Labor*, Case No. 5:14-CV-164-GNS (W.D. Ky. Filed 08/20/2014); *Jeffords v. U.S. Dep't of Labor*, Case No. 5:14-CV-00165-GNS (W.D. Ky. Filed 08/20/2014); *Lanier v. U.S. Dep't of Labor*, Case No. 5:14-CV-00168-GNS (W.D. Ky. Filed 08/25/2014); and *Scott v. U.S. Dep't of Labor*, Case No. 5:14-CV-00194-GNS (W.D. Ky. Filed 10/17/2014).

substances at this facility, and his subsequent illness, entitles her to compensation under the Energy Employees Occupational Illness Compensation Program Act of 2000, 42 U.S.C. § 7384 *et seq.* and 42 U.S.C. § 7385 *et seq.* ("EEOICPA"). The plaintiff applied for the benefits provided under EEOICPA with the agency administering the program, the Department of Labor. Her claim was denied.

Part B of EEOICPA provides compensation for workers whose exposure to radiation or other named toxic substances results in cancer or other specific illnesses. Part E of EEOICPA provides a different compensation scheme for workers exposed to a broader list of toxic substances. Most of the claimants in these cases claim entitlement under "Parts B and/or Part E." Ms. Freeman claims entitlement only under Part B (DN 1 at 4).

The current motion asks which review standard should be applied and how discovery should proceed under that review standard. Part E contains a specific provision relating to judicial review. "[T]he court shall have jurisdiction over the proceeding and shall have the power to affirm, modify, or set aside, in whole or in part, such decision." 42 U.S.C. § 7385s-6. The provision provides that agency decisions should remain undisturbed unless deemed "arbitrary and capricious." *Id*. Part B contains no such provision. Where the relevant statute provides no standard, the Administrative Procedures Act (APA) supplies one. However, the plaintiff contends Part E's judicial review standard should apply to Part B as well. The plaintiff further argues that under either the APA or EEOICPA standard, additional discovery should be allowed.

## Standard

The review provision in Part E and the APA provide similar, though not identical, standards of judicial review. Under the APA, courts may overturn agency decisions deemed

"arbitrary, capricious, an abuse of discretion, or otherwise not in accordance with law." 5 U.S.C.A. § 706(2)(A). In contrast, under EEOICPA Part E, "court[s] may modify or set aside such [a] decision only if the court determines that such decision was arbitrary and capricious." 42 U.S.C.A. § 7385s-6. For the purposes of this ruling, this may be a distinction without a difference.

The plaintiff argues no rationale justifies a different standard for Part B, as opposed to Part E, claims (Reply at 2-3). The plaintiff claims unawareness of authorities determining EEOICPA Part B claims outside Part E's judicial review standard. *Id*. However, other circuits' Courts of Appeals have reviewed denials of EEOICPA Part B claims under the APA. *See Yatsko v. Off. of Workers Compen. Programs, U.S. Dept. of Lab.*, 439 Fed. Appx. 122 (3d Cir. 2011); *Hayward v. U.S. Dept. of Lab.*, 536 F.3d 376 (5th Cir. 2008); *Jordan v. U.S. Dept. of Lab.*, 352 Fed. Appx. 187 (9th Cir. 2009); *and Gomez v. U.S.*, 459 Fed. Appx. 701 (10th Cir. 2012). Without hypothesizing about the legislative intent that might justify such a distinction, this court notes both the distinction and other courts' recognition of it. Part B claims are properly evaluated under the APA.

The review standard for EEOICPA Part E claims, however, is less clear. Some courts seemingly use the APA standard. *See, e.g. Jordan v. U.S. Dept. of Lab.*, CV-07-5011-EFS, 2008 WL 4181377, at *1 (E.D. Wash. Sept. 5, 2008) (reviewing Part B and Part E claim under APA standard) aff'd, *Jones*, *supra* (standard of review was not on appeal); *Richwalder v. U.S. Dept. of Lab.*, 13-CV-325A, 2014 WL 5149701 (W.D.N.Y. Oct. 14, 2014). Other courts use APA precedent to inform their rulings on the similar standard set forth in EEOICPA. *See, e.g. Stephens v. U.S. Dept. of Lab.*, 571 F. Supp. 2d 186, 191 (D.D.C. 2008) aff'd sub nom. *Stephens v. Dept. of Lab.*, 384 Fed. Appx. 5 (D.C. Cir. 2010)("Because of the similarity between this

standard of review and the standard of review set forth in the Administrative Procedures Act ("APA"), case law interpreting the APA's standard of review provides useful guidance.") Other courts use the "arbitrary and capricious" standard the statute specifies without explicit reference to the APA standard. *See*, *e.g. Watson v. Solis*, 3:09-CV-131, 2010 WL 3781710 (E.D. Tenn. Sept. 21, 2010) aff'd, 693 F.3d 620 (6th Cir. 2012); *Meridieth v. Chao*, 723 F. Supp. 2d 1044, 1049 (E.D. Tenn. 2010).

This court concludes the "arbitrary and capricious" standard specified in EEOICPA Part E removes claims under that part from the APA's standard. "When a plaintiff challenges an agency's administrative decision, the court applies the standard of review set forth under the relevant statute or, if no standard is specified, the court applies the standard of review set forth in the Administrative Procedures Act." *Stephens v. U.S. Dept. of Lab.*, 571 F. Supp. 2d 186, 191 (D.D.C. 2008). Nonetheless, the similarity of the EEOICPA standard and the APA standard justifies the court's use of APA precedent to guide its Part E rulings. As such, the court distinguishes between Part B and Part E standards, while recognizing the distinction may yield few differences. Part B claims are analyzed under the APA; Part E claims are analyzed under the standard specified in EEOICPA.

Under the APA, "[a]s a general matter, 'courts confine their review to the 'administrative record,' which 'includes all materials 'compiled' by the agency[ ] that were 'before the agency at the time the decision was made.'" *Sierra Club v. Slater*, 120 F.3d 623, 638 (6th Cir. 1997) (citations omitted). However, "[s]everal reasons justify supplementation of the administrative record, such as when an agency deliberately or negligently excludes certain documents, or when the court needs certain 'background information' in order to determine whether the agency considered all of the relevant factors." *Id.* (citations omitted).

Review under Part E's "arbitrary and capricious" standard is likewise limited to the administrative record, absent circumstances justifying supplementation. The agency acts arbitrarily and capriciously "if the agency has relied on factors which Congress has not intended it to consider, entirely failed to consider an important aspect of the problem, offered an explanation for its decision that runs counter to the evidence before the agency, or is so implausible that it could not be ascribed to a difference in view or the product of agency expertise." *Motor Vehicle Mfrs. Ass'n of U.S., Inc. v. State Farm Mut. Auto. Ins. Co.,* 463 U.S. 29, 43 (1983). As a review of the basis of an agency's decision, courts logically restrict their consideration to the evidence before the agency at the time the decision was made. When a "final agency action is challenged, the court's review is limited to the administrative record and the grounds for decision invoked by the agency." *Watson v. Solis*, 3:09-CV-131, 2010 WL 3781710 (E.D. Tenn. Sept. 21, 2010) (determining EEOICPA Part E claim and citing APA precedent) aff'd, 693 F.3d 620 (6th Cir. 2012); *Accord Meridieth v. Chao*, 723 F. Supp. 2d 1044, 1049 (E.D. Tenn. 2010); *See also Barrie v. U.S. Dept. of Lab.*, 597 F. Supp. 2d 1235, 1238 (D. Colo. 2009); *Lott v. U.S. Dept. of Lab.*, 3:12-CV-00228-LRH, 2014 WL 5169078, at *2 (D. Nev. Sept. 26, 2014). Following this precedent, judicial review of EEOICPA Part E claims is properly confined to the administrative record barring an applicable exception.

## Analysis

While the above discussion is applicable to all eleven cases before the court, the standard identified must be individually applied to each case. The plaintiff seeks review of her Part B claim denial. As identified above, Part B denials are reviewed under the APA standard and confined to the administrative record unless an exception is met. The plaintiff has identified no exception specific to her case.

As the administrative record has not yet been filed (<u>Response</u> at 2), it is difficult to know how the plaintiff contends supplementation is necessary. Further, while the plaintiff does point to an example where the administrative record supplied by the DOL in an EEPOICPA claim was lacking, this court cannot prematurely assume the DOL's filing will be insufficient here. While the plaintiff may seek leave to file a future motion to supplement the administrative record through discovery, supplementation is not yet justified.

The motion for discovery (DN 13) is DENIED.

cc:     counsel